1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER MCINTYRE,

             Plaintiff,

     v.

DAN CLUZEL, *et al*,

             Defendants.

Case No.  C05-5799RJB

REPORT AND
RECOMMENDATION TO DENY
APPLICATION TO PROCEED *IN
FORMA PAUPERIS*

Noted for March 31, 2006

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*.  To file a complaint and initiate legal proceedings, plaintiff must pay a filing fee of $250.00 or file a proper application to proceed *in forma pauperis*.  Because plaintiff has failed to respond to the court's order to show cause, the undersigned recommends the court deny her application.

<u>DISCUSSION</u>

The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  However, the court has broad discretion in denying an application to proceed *in forma pauperis*.  <u>Weller v. Dickson</u>, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).  Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when the plaintiff is able to pay the initial expenses required to commence a lawsuit.  <u>See</u>

1  Temple v. Ellerthorpe, 586 F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex.

2  1977); U.S. ex rel. Irons v. Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357

3  F.Supp. 825 (D.Kan. 1973), aff'd, 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa.

4  1974).

5      On December 6, 2005, the clerk received plaintiff's complaint. (Dkt. #1).  On December 20, 2006,

6  the clerk sent plaintiff a letter informing him that he needed to either pay the $250.00 court filing fee or file

7  a proper application to proceed in forma pauperis by January 19, 2006, or his complaint could be subject

8  to dismissal. (Dkt. #2).  Because plaintiff did not respond to the clerk's letter by that date, on January 23,

9  2006, the court ordered plaintiff to pay the court filing fee or cure the deficiencies in his application to

10 proceed in forma pauperis by no later than February 23, 2006, or show cause why this matter should not

11 be dismissed. (Dkt. #3).  To date, however, plaintiff has failed to respond to either the clerk's letter or the

12 court's order.

13                                    CONCLUSION

14     Because plaintiff has failed to respond to the court's order to show cause regarding his need to pay

15 the court filing fee or file a proper application to proceed in forma pauperis, the undersigned recommends

16 the court dismiss plaintiff's complaint unless he pays the required $250.00 filing fee **within thirty (30)**

17 **days** of the court's order.

18     Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b),

19 the parties shall have ten (10) days from service of this Report and Recommendation to file written

20 objections thereto.  See also Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those

21 objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit

22 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **March 31,**

23 **2006**, as noted in the caption.

24     Dated this 7th day of March, 2006.

25

26

27                                    _Karen L. Strombom_

28                                    Karen L. Strombom
                                      United States Magistrate Judge